**Electronically Filed**
**Intermediate Court of Appeals**
**30737**
**15-NOV-2013**
**08:42 AM**

NO. 30737

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ROBERT G. LEWIS, SR.,
Plaintiff/Counterclaim Defendant-Appellant,
and
CHRISTINA K. KAPONO, as Guardian Prochein Ami for
JAYNA HAUOLI KAPONO, a Minor, Plaintiff/Counterclaim Defendant,
v.
A. TAGAMI, INC., a Hawaii corporation,
Defendant/Counterclaimant-Appellee,
and
GILBERT LEWIS, as Trustee of the Gilbert Lewis Revocable
Living Trust, dated November 24, 1995, HEIRS AND ASSIGNS
OF KANEKUAPUU (k), HEIRS AND ASSIGNS OF KAPULEMANAOLE (w),
HEIRS AND ASSIGNS OF KEEWAHINE (w), HEIRS AND ASSIGNS OF
MEEWAHINE (w), LESTER B.G. CHOCK, Trustee, KENNETH S.K. NG,
Trustee, HO NAKATA PARTNERS, LLC, YUK MUI KAM and SHEA KING
KAN, husband and wife, CESAR SANTOS RAMIREZ and NILA BAUTISTA
RAMIREZ, husband and wife, ROBERT GUS LEWIS, JR. and TANYA
MARIE LEWIS, husband and wife, GILBERT KAWAINUHEA KAPAONA, JR.,
MICHELLE LEIDEEN LEWIS, RAYMOND G. MAEKAWA and KATHRYN MAEKAWA,
husband and wife, JOHN DOES 1-5, JANE DOES 1-5, DOE CORPORATIONS
1-5, DOE PARTNERSHIPS 1-5, DOE ENTITIES 1-5 , DOE GOVERNMENTAL
ENTITIES 1-5, and Heirs, Assigns, Successors, Personal
Representatives, Executors, Administators, Guardians, and
Trustees of the above-named Defendants, and all other persons
unknown claiming any right, title, estate, lien or interest in
the real property described herein adverse to Plaintiffs'
ownership, and TO ALL WHOM IT MAY CONCERN, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 03-1-2547)

MEMORANDUM OPINION
(By: Nakamura, C.J., Leonard and Reifurth, JJ.)

Plaintiff/Counterclaim Defendant-Appellant Robert G. Lewis, Sr. ("Lewis") appeals from the August 30, 2010 Judgment on Order Granting Defendant A. Tagami Inc's Non-Hearing Motion for Haw. R. Civ. P. 54(b) Certification Directing Entry of Judgment as to All Claims and All Parties in this Matter but for the Claim of Partition Between Plaintiff Robert G. Lewis, Sr. and Defendant Gilbert Lewis, Trustee, as Contained within Count III of Plaintiffs' Third Amended Complaint Filed May 2, 2006, entered in the Circuit Court of the First Circuit ("Circuit Court").[1] We affirm in part and vacate in part.

I.    Background

    A.    Complaint

On May 2, 2006, Lewis and Christina K. Kapono, prochein ami for Jayna Hauoli Kapono[2] (collectively, "Plaintiffs"), filed the Plaintiffs' Third Amended Complaint to Quiet Title, Determine Right of Way, and for Judicial Partition ("Complaint"). Plaintiffs alleged that as of December 24, 2003, Plaintiffs were in possession of and were tenants in common in fee simple of individual undivided interests, along with Defendant Gilbert Lewis, as Trustee of the Gilbert Lewis Revocable Living Trust dated November 24, 1995, in

> [a]ll of that certain parcel of land (being a portion of the land(s) described in and covered by Royal Patent Number 4521, Land Commission Award Number 7765 to Kanekuapuu) situate, lying and being at Alewa, Honolulu, City and County of Honolulu, State of Hawaii, bearing Tax Key designation (1) 1-7-039-003, and including a portion of that certain parcel of land bearing Tax Key designation (1) 1-7-039-029, containing an area of 20,967 square feet, more or less, [hereinafter, the "Lewis Parcel"][.]

Plaintiffs alleged that an adjoining parcel of land, designated

---

[1]    The Honorable Rhonda A. Nishimura presided.

[2]    Jayna Hauoli Kapono is not named as an appellant.

2

as TMK No. (1) 1-7-039-029 ("Tagami Parcel"), was claimed by Defendant/Counterclaimant-Appellee A. Tagami, Inc. ("Tagami") and that, at one point, the Lewis Parcel and the Tagami Parcel constituted "a portion of an original kuleana parcel designated as Royal Patent No. 4521, Land Commission Award 776 to Kanekuapuu." Plaintiffs alleged that, through mesne conveyances, the Lewis Parcel "became landlocked without a permanent right of way for vehicular access to a government road over the adjoining parcel[.]"

Plaintiffs asserted three counts, seeking (I) to quiet title to the Lewis Parcel; (II) an award of a vehicular right of way over the Tagami Parcel pursuant to Hawaii Revised Statutes ("HRS") § 7-1 and a permanent easement by necessity in and to such right of way; and (III) a partition of the Lewis Parcel if any other party is found to own the Lewis Parcel with Plaintiffs.

B.    Motion on Count II

On July 24, 2009, Tagami filed a motion for partial dismissal of the Complaint, or, in the alternative, for partial summary judgment ("MPSJ-II"), asking the Circuit Court to determine that it was either entitled to dismissal (pursuant to Hawai'i Rules of Civil Procedure ("HRCP") Rule 12(b)(6)) or summary judgment on Count II of the Complaint. Tagami argued that on or about June 7, 1989, Lewis, Gilbert Lewis, and Gloria A. Lewis ("1989 Lewis Plaintiffs") filed a lawsuit against Tagami and others ("1989 Tagami Defendants") seeking an easement by necessity over and across the 1989 Tagami Defendants' property. The 1989 Tagami Defendants filed a motion to dismiss, arguing that the easement issue had previously been litigated in *Tagami v. Meyer*, 41 Haw. 484 (Haw. Terr. 1956), and that relitigating the issue was barred by res judicata and collateral estoppel. The 1989 Lewis Plaintiffs opposed the motion on the grounds that they were entitled to an easement by necessity or an easement under HRS § 7-1. Treating the motion to dismiss as a motion for

3

summary judgment, the trial court granted the motion on January 12, 1990.

The 1989 Lewis Plaintiffs filed a motion for reconsideration on January 24, 1990 and argued, among other things, that the 1989 Tagami Defendants were on notice that the Lewises had expended substantial sums on improvements in reliance on the use of the Tagami's roadway, creating an irrevocable license. The trial court granted the motion for reconsideration on July 9, 1990, stating in relevant part: "The sole basis for the Lewises' claim is the doctrine of irrevocable license. Plaintiffs are entitled to proceed with this theory and to take discovery along the lines that will support their legal claim to such license."

However, pursuant to a Release and Indemnification Agreement dated March 24, 1992, the 1989 Lewis Plaintiffs, including Lewis, agreed with the 1989 Tagami Defendants to the following pertinent terms:

> 7. Release. For and in consideration of the execution of the License Agreement . . ., [the 1989 Lewis Plaintiffs] hereby releases, remises and forever discharges [the 1989 Tagami Defendants] from and on account of any and all claims, actions, causes of action, claims for relief, liability, liabilities, costs, expenses, compensations, fees, demands, injuries, losses, loss of services, loss of profits, exemplary damages, punitive damages and damages of whatever name or nature, whether at law or in equity, from the beginning of the world to the date of this Release, including but not limited to, any manner arising, arisen, growing out of, connected with or in any manner involving, concerning or relating to any of the following:
>
> > a. [The 1989 lawsuit.]
> >
> > b. That certain private driveway located on that certain residential property located at 721A Panui Street . . . (hereinafter, "Subject Driveway").
> >
> > c. Any and all claims which were brought or could have been brought against [the 1989 Tagami Defendants] in connection with [the 1989 lawsuit] and/or the Subject Driveway, including any claim concerning or relating to an easement of whatever kind or nature, irrevocable license, and/or any other interest in the Subject Driveway.
>
> > . . . .
>
> 9. Understandings and Agreements. [The Lewis Plaintiffs] acknowledge, agree and understand that:

4

. . . .

> d. <u>Complete Bar</u>. Acceptance of the consideration above mentioned and execution of this Release is a complete and final bar to any and all claims, actions, causes of action, claims for relief, liability, liabilities, costs, expenses, fees, demands, injuries, losses, and damages of whatever name or nature against [the 1989 Tagami Defendants] in any manner arising, growing out of, connected with or in any manner involving, concerning or relating to the matters covered by this Release; and this Release forever and finally compromises, settles and terminates any and all disputes, claims, claims to title, claims to an interest, claims for injury, loss, damage, costs, expenses and fees of whatever nature, known or unknown, in any manner arising, growing out of, connected with or in any manner involving, concerning or relating to the matters covered by this Release.

The License Agreement, also dated March 24, 1992, gave the Lewises a "license to the non-exclusive use of the Subject Driveway . . . solely for the purposes of vehicular and pedestrian ingress and egress," which could generally not be revoked for twenty-five years from the date of the License Agreement, but which is freely revocable after twenty-five years. As a result of this settlement, the parties filed a Stipulation for Dismissal with Prejudice of All Claims and Parties ("Stipulation for Dismissal with Prejudice").

In the instant case, Tagami argues that, as a result of the Stipulation for Dismissal with Prejudice in the 1989 lawsuit, Count II was barred by res judicata. In opposition, Lewis argued that the Lewis and Tagami Parcels originally comprised a part of the same kuleana parcel identified in Land Commission Award No. 7765 to Kanekuapuu. Lewis argued, among other things, that he possessed "kuleana rights to a right of way under [HRS] § 7-1" and that Tagami cannot "dispossess Plaintiff and Defendant Gilbert Lewis of their inherent right to a right of way as lawful owners of kuleana land."

On September 15, 2009, the Circuit Court granted the MPSJ-II.

C. Motion for Partial Summary Judgment on Count I

On September 1, 2009, Tagami filed a motion for partial

5

summary judgment re: Count I of the Complaint ("MPSJ-I"). Tagami argued that "Tagami, through the actions of it and its predecessors in interest the Tagami family, since the year 1937, has openly, exclusively and continuously possessed the Tagami [Parcel], including the disputed 2,376 sq. ft. 'notched piece' identified in Exhibit 'A' to the Plaintiffs' . . . Complaint." Tagami presented record evidence that, among other things, the notched piece ("Notched Piece") had been occupied and used by the Tagami family since 1937; that the Tagami family had paid property taxes on the Notched Piece since 1937; that in 1952, the Tagami family moved to the Tagami Parcel, cleaned up the Notched Piece, and added rocks to a preexisting line of rocks marking the boundary between the Lewis and Tagami Parcels, with the Notched Piece lying on the Tagami side of the line of rocks; that since 1952, the Tagamis have maintained and cleaned the Notched Piece and, in the 1990s, hired help to clean the Notched Piece monthly; and that in 1991, a Tagami family member stored a car frame and some tires on the south side of the Notched Piece and "whenever there was a special get together, such as for Christmas Party, [the Tagamis] would park cars in the area."

In opposition, Lewis argued that Tagami was not entitled to summary judgment on the issue of paper title, claiming that the case involves "a complex chain of title and cannot be determined by way of summary judgment." Lewis also argued that Tagami was not entitled to summary judgment via adverse possession because Tagami's facts "are simply **not enough** to confer on . . . Tagami title by adverse possession." Among other things, Lewis contended that the rocks separating the Tagami and Lewis Parcels were not a boundary line but an 'auwai, or watercourse.

In his Affidavit, Lewis claimed, among other things, that the Notched Piece had been the subject of prior litigation, see Tagami, 41 Haw. 484, that the parties had argued over who would maintain the Notched Piece, that fences erected by the

Tagamis were repeatedly taken down, that the Notched Piece had not been developed, that Lewis and his predecessors in interests had repeatedly asserted that they own the Notched Piece, and that the line of rocks was an 'auwai bed in which the Lewis family also placed rocks.

On October 29, 2009, the Circuit Court entered findings of fact, conclusions of law, and the order granting the MPSJ-I. On August 30, 2010, the Circuit Court amended the October 29, 2009 findings of fact, conclusions of law and order granting the MPSJ-I,[3] and held that Tagami had established ownership of the Notched Piece through adverse possession.

    D.    Judgment

        On August 30, 2010, the Circuit Court entered judgment in favor of Tagami and against Lewis on Counts I and II of the Complaint, stating, among other things, that Tagami owned the Notched Piece and that Lewis had "no right to vehicular access across the Tagami Property." This appeal followed.

II.  Points of Error

        Lewis argues that the Circuit Court erred in (A) granting the MPSJ-II and (B) granting the MPSJ-I.

III. Standards of Review

    Summary judgment[4]

        We review the trial court's grant or denial of summary judgment de novo. *Oahu Transit Servs., Inc. v. Northfield Ins. Co.*, 107 Hawai'i 231, 234, 112 P.3d 717, 720 (2005).

> Summary judgment is appropriate if the pleadings,
> depositions, answers to interrogatories, and admissions on

---

    [3]    The Circuit Court found, among other things, that pursuant to the MPSJ-I, Tagami "is not seeking a determination that it has paper title to the 'notched piece' superior to the paper title claimed by Plaintiff."

    [4]    As external evidence was considered by the Circuit Court in granting the MPSJ-II, the motion is treated as one for summary judgment. Haw. R. Civ. P. 12(b).

> file, together with the affidavits, if any, show that there
> is no genuine issue as to any material fact and that the
> moving party is entitled to judgment as a matter of law. A
> fact is material if proof of that fact would have the effect
> of establishing or refuting one of the essential elements of
> a cause of action or defense asserted by the parties. The
> evidence must be viewed in the light most favorable to the
> non-moving party. In other words, we must view all of the
> evidence and the inferences drawn therefrom in the light
> most favorable to the party opposing the motion.

*Price v. AIG Hawai'i Ins. Co.*, 107 Hawai'i 106, 110, 111 P.3d 1, 5
(2005) (brackets omitted) (quoting *Haw. Cmty. Fed. Credit Union
v. Keka*, 94 Hawai'i 213, 221, 11 P.3d 1, 9 (2000)).

## IV. Discussion

A.   The Circuit Court did not err in granting the MPSJ-II

Lewis argues that his claim to a right of way under HRS
§ 7-1 is not barred by res judicata. "Res judicata prohibits a
party from relitigating a previously adjudicated claim or cause
of action." *Smallwood v. City & Cnty. of Honolulu*, 118 Hawai'i
139, 147, 185 P.3d 887, 895 (App. 2008). The party asserting res
judicata, commonly referred to as claim preclusion, has the
burden of establishing that "(1) there was a final judgment on
the merits, (2) both parties are the same or in privity with the
parties in the original suit, and (3) the claim decided in the
original suit is identical with the one presented in the action
in question." *Bremer v. Weeks*, 104 Hawai'i 43, 54, 85 P.3d 150,
161 (2004). For preclusive effect,

> [t]he judgment of a court of competent jurisdiction is a bar
> to a new action in any court between the same parties or
> their privies concerning *the same subject matter*, and
> precludes the relitigation, *not only of the issues which
> were actually litigated in the first action, but also of all
> grounds of claim and defense which might have been properly
> litigated in the first action but were not litigated or
> decided.*

*Foytik v. Chandler*, 88 Hawai'i 307, 314, 966 P.2d 619, 626 (1998)
(emphasis added) (quoting *Morneau v. Stark Enters.*, 56 Haw. 420,
422-23, 539 P.2d 472, 474-75 (1975)).

Res judicata precludes relitigation of Count II,
relating to a claim to a right of way, because that claim is

identical to the claim resolved by the 1989 lawsuit. Tagami has established all the elements of res judicata. First, the 1989 lawsuit concluded with a final judgment on the merits—the Stipulation for Dismissal with Prejudice. *See In re Herbert M. Dowsett Trust*, 7 Haw. App. 640, 645, 791 P.2d 398, 402 (App. 1990) (stating that a "stipulation of dismissal with prejudice constitutes a final judgment on the merits for the purpose of *res judicata*" (quoting *Sullivan v. Easco Corp.*, 662 F. Supp. 1396, 1408 (D. Md. 1987)); *McCandless Land & Cattle Co. v. Kealohapauole*, No. 28292, 2011 WL 5433773, at *8 (Haw. Ct. App. Nov. 9, 2011) ("[A] dismissal with prejudice 'is an adjudication on the merits of all issues that were raised or could have been raised in the pleadings'." (quoting *Pedrina v. Chun*, 906 F.Supp. 1377, 1401 (D.Haw. 1995)).[5] Second, the parties in this case on appeal—Lewis and Tagami—were parties in the 1989 litigation.

Third, the claim addressed by the 1989 lawsuit is identical to the claim at hand; *viz.* whether the Lewises have a right of way over the Tagami's land. The Lewises could have originally asserted HRS § 7-1 as an alternative basis for seeking a right of way.[6] Therefore, they are precluded from advancing such a claim now. Charles Alan Wright & Mary Kay Kane, *Law of Federal Courts* § 100A, at 724 (7th ed. 2011) (claim preclusion "extinguish[es] a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action to present evidence or grounds or theories of the case not presented in the first action, or to seek remedies or forms of relief not

---

[5] Here, the parties' Release and Indemnification Agreement, conditioned on the Stipulation for Dismissal with Prejudice, barred all future actions regarding the Lewises' rights to passage over the Tagami's land. Treating this stipulation as having preclusive effect is therefore also consistent with the position that where, as here, the claim is resolved by a consent judgment, the parties' intent as maintained therein determines the judgment's preclusive effect. *See* 18A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4443, at 262 (2002) ("The basically contractual nature of consent judgments has led to general agreement that preclusive effects should be measured by the intent of the parties.").

[6] And, in fact, they did so, albeit not until responding to the 1989 Tagami Defendants' motion to dismiss in the 1989 lawsuit.

demanded in the first action").

Lewis's arguments to the contrary are unpersuasive. Lewis contends that HRS § 7-1 was not litigated in the case culminating with the Supreme Court's decision in *Tagami*, 41 Haw. 484. This argument fails as the issue could have been properly litigated in the 1989 case.

Lewis also argues that a right of way under HRS § 7-1 is an inalienable right and submits that such right of way is "not extinguishable by application of the common law principle of res judicata or by release relied upon by the lower court in granting Tagami's [MPSJ-II]." We disagree to the extent that we hold that right-of-way claims brought under HRS § 7-1 are subject to the doctrine of res judicata.[2/] In *Bremer*, a plaintiff claimed a right of way to and from a kuleana pursuant to HRS § 7-1. 104 Hawai'i at 48, 85 P.3d at 155. The trial court held that the claim was barred by res judicata. *Id.* at 49, 85 P.3d at 156. The supreme court applied the res judicata analytical framework, but ultimately held that "the right of access . . . is not a claim which might have been properly litigated in the quiet title action." *Id.* at 54, 85 P.3d at 161. It reasoned that when the prior quiet-title action was being litigated, "there was no dispute regarding access to the kuleana" and right-of-access claims "would not have supported the claim of title to the kuleana itself which was the subject of the quiet title action." *Id.* at 55, 85 P.3d at 162. *Bremer*, therefore, supports the position that rights under HRS § 7-1 are not immune from res judicata effect. Were that not so, a party could simply reassert an HRS § 7-1 claim over and over again.

Good policy likewise dictates that claims brought under HRS § 7-1 are subject to claim preclusion. Considering HRS § 7-1 in light of the purposes of res judicata suggests nothing about

_____

[2/] Whether a right of way under HRS § 7-1 is inalienable does not speak to the issue of whether a given claim is barred by res judicata, a procedural mechanism which can affect the bringing of claims involving "inalienable" rights.

10

the statute that should accord it special protection. As the supreme court has stated,

> The purpose of the doctrine of res judicata is to prevent a multiplicity of suits and to provide a limit to litigation. It serves to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication. The res judicata doctrine thus furthers the interests of litigants, the judicial system and society by bringing an end to litigation where matters have already been tried and decided on the merits. It is a rule of fundamental and substantial justice, of public policy and private peace.
>
> The doctrine therefore permits every litigant to have an opportunity to try his case on the merits; but it also requires that he be limited to one such opportunity. *Unsatisfied litigants have a remedy: they can appeal through available channels. But they cannot, even if the first suit may appear to have been decided wrongly, file new suits.*

*E. Sav. Bank, FSB v. Esteban*, 129 Hawai'i 154, 159, 296 P.3d 1062, 1067 (2013) (emphasis added) (quoting *Kauhane v. Acutron Co.*, 71 Haw. 458, 463-64, 795 P.2d 276, 278-79 (1990)).

Lewis also argues that because a 2005 title report indicates that the Tagami Parcel actually belongs to the Estate of Kanekuapuu, "all previous proceedings, having not addressed the fundamental issue of title in either party, do not bar a full and complete adjudication in this proceeding for the establishment of an easement for vehicular ingress and egress . . . pursuant to § 7-1." Lewis, however, presents no authority in support of this position and does not sufficiently argue how the title report precludes the application of res judicata when the elements of res judicata are otherwise satisfied. We hold that the argument is waived. Haw. R. App. P. 28(b)(7).

Finally, Lewis claims that res judicata does not apply "when the facts have changed or new facts have occurred that have altered the legal rights and relations of the parties." However, Lewis fails to articulate any new or changed facts that could not have been raised in the 1989 litigation. As Tagami correctly notes, if there was such a meaningful new fact or right, Lewis would identify it. Unable to discern one for ourselves, we hold that the argument is without merit.

11

*Bettencourt v. Bettencourt*, 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995) ("The burden is upon appellant in an appeal to show error by reference to matters in the record . . . ." (quoting *Union Bldg. Materials Corp. v. The Kakaako Corp.*, 5 Haw. App. 146, 151, 682 P.2d 82, 87 (1984))).

Therefore, we conclude that Lewis fails to establish that the Circuit Court erred in granting the MPSJ-II.

B.     The Circuit Court erred in granting the MPSJ-I

The Circuit Court found that Tagami's MPSJ-I ultimately sought title to the Notched Piece through adverse possession, not through paper title. Lewis argues that the Circuit Court erred in granting the MPSJ-I because genuine issues of material fact remain to be resolved on the issue of adverse possession. We agree.

"It is well established that one claiming title to real property by adverse possession must bear the burden of proving by clear and positive proof each element of actual, open, notorious, hostile, continuous and exclusive possession for the statutory period." *Lai v. Kukahiko*, 58 Haw. 362, 368, 569 P.2d 352, 357 (1977) (citations omitted). "The burden of 'clear and positive proof' derives from the long-observed proposition that '[a]dverse possession is to be taken strictly, and every presumption is in favor of a possession in subordination to the rightful owner.'" *Morinoue v. Roy*, 86 Hawai'i 76, 81, 947 P.2d 944, 949 (1997) (quoting *Territory v. Pai-a*, 34 Haw. 722, 726 (1938)). In adverse possession cases, the character of possession is normally a question of fact to be resolved at trial. *See Pioneer Mill Co. v. Dow*, 90 Hawai'i 289, 299, 978 P.2d 727, 737 (1999). In this case, Tagami failed to meet the heavy burden of establishing adverse possession at the summary judgment stage.

Tagami failed to establish that its possession of the Notched Piece was actual, open, and notorious as a matter of law. "Actual, open, and notorious possession is established where a

claimant shows use of the land to such an extent and in such a manner as to put the world on notice by means so notorious as to attract the attention of every adverse claimant." *Wailuku Agribusiness Co. v. Ah Sam*, 114 Hawai'i 24, 33, 155 P.3d 1125, 1134 (2007) (quoting *Morinoue*, 86 Hawai'i at 82, 947 P.2d at 950) (internal quotation marks omitted).

Here, Tagami argued that a line of rocks separated the Lewis and Tagami Parcels, that the Notched Piece was on the Tagami side of the line of rocks, and that the Tagamis added rocks to the existing line. While such evidence might be sufficient to establish actual, open, and notorious possession at trial, Lewis claimed that the line of rocks was not a boundary line but an 'auwai intended to divert the flow of water and that the Lewis family also put rocks in the 'auwai. Lewis's claim, therefore, created a dispute of material fact. Furthermore, Tagami's evidence that it periodically cleaned and maintained the Notched Piece, that a Tagami family member stored car parts on the Notched Piece in 1991, and that the Notched Piece was used by the Tagamis for parking on special occasions is not so substantial as to "put the world on notice by means so notorious as to attract the attention of every adverse claimant" as a matter of law.[8] *See Wailuku Agribusiness Co.*, 114 Hawai'i at 33, 155 P.3d at 1134.

"Ordinarily it is within the province of the jury to determine from conflicting or doubtful evidence the existence of facts necessary to constitute adverse possession . . . ." *Deponte*, 48 Haw. at 20, 395 P.2d at 275. While a factfinder might ultimately conclude that Tagami gained title to the Notched Piece through adverse possession, we hold that Tagami has failed to establish this as a matter of law.

---

[8] Furthermore, "[p]ayment of taxes over the statutory period is only one of the factors to be considered in establishing adverse possession." *Deponte v. Ulupalakua Ranch, Ltd.*, 48 Haw. 17, 20, 395 P.2d 273, 275 (1964). That is, payment of taxes is not determinative as a matter of law.

V.    Conclusion

Therefore, the August 30, 2010 Judgment on Order Granting Defendant A. Tagami Inc's Non-Hearing Motion for Haw. R. Civ. P. 54(b) Certification Directing Entry of Judgment as to All Claims and All Parties in this Matter but for the Claim of Partition Between Plaintiff Robert G. Lewis, Sr. and Defendant Gilbert Lewis, Trustee, as Contained within Count III of Plaintiffs' Third Amended Complaint Filed May 2, 2006 is vacated as it relates to the issue of title to the Notched Piece.  We affirm in all other respects.  The case is remanded for further proceedings consistent with this opinion.

DATED:  Honolulu, Hawai'i, November 15, 2013.


On the briefs:

Yuklin Aluli
for Plaintiff/Counterclaim
Defendant-Appellant.

Dennis W. Chong Kee,
W. Keoni Shultz, and
Nathan T. Okubo,
(Cades Schutte LLP)
for Defendant/Counterclaimant-
Appellee.

Chief Judge

Associate Judge

Associate Judge